UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENICIA ADAMS-STRONG,

    Plaintiff,

v.

DELTA AIR LINES, INC. and
PROSPECT AIRPORT SERVICES, INC.,

    Defendant.

Case No. 22-12116

Hon.

_____/

| DAVID E. CHRISTENSEN (P45374) | SCOTT R. TORPEY (P36179) |
|---|---|
| NORA Y. HANNA (P80067) | DEREK D. McLEOD (P66229) |
| CHRISTENSEN LAW | JAFFE RAITT HEUER & WEISS, P.C. |
| *Attorneys for Plaintiff* | *Attorneys for Delta Air Lines, Inc.* |
| 25925 Telegraph Road, Suite 2500 | 27777 Franklin Road, Suite 2500 |
| Southfield, MI 48033 | Southfield, MI 48034 |
| (248) 213-4900/Fax (248) 213-4900 | (248) 351-3000/Fax (248) 351-7065 |
| dchristensen@davidchristensenlaw.com | storpey@jaffelaw.com |
| nhanna@davidchristensenlaw.com | dmcleod@jaffelaw.com |

_____/

## DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Delta Air Lines, Inc. ("Delta"), by and through its attorneys, Jaffe Raitt Heuer & Weiss, P.C., and pursuant to 28 U.S.C. §§1332 and 1441, as well as E.D. Mich. L.R. 81.1, hereby removes the state court action entitled *Kenicia Adams-Strong v. Delta Air Lines, Inc., et al*, Case No. 22-009971-NO, from the Wayne County (Michigan) Circuit Court to the United States District Court for the Eastern District of Michigan, Southern Division. Because

Defendant Prospect Airport Services, Inc. ("Prospect") has not been "properly joined and served" (28 U.S.C. §1446(b)(2)(A)), Prospect's consent to removal is ***not*** required. *See Miller v. Pathway Fin.*, 2013 WL 1821252, *1 n.1 (E.D. Mich. Apr. 30, 2013) (**Ex. A**) (quoting 28 U.S.C. §1446(b)(2)(A), and stating that "[a]t the time of removal, the other Defendants in this matter were not served, and thus Defendants Ocwen, HSBC, and MERS were not required to obtain their concurrence in the removal"); *see also Martin v. Bennett*, 2019 WL 6525587, **1-2 (N.D. Ohio Dec. 4, 2019) (**Ex. B**).

I. **INTRODUCTION**

On August 22, 2022, Plaintiff Kenicia Adams-Strong ("Plaintiff") filed her Complaint against Delta and Prospect in the Wayne County (Michigan) Circuit Court. (**Ex. C: Cmplt.**) Plaintiff's Complaint contains a total of four counts—two against Delta (for premises liability and negligence/gross negligence) and two against Prospect (also for premises liability and negligence/gross negligence). (*Id.* at ¶¶15-70). These claims are based on the following alleged facts:

Plaintiff alleges that her lawsuit arises out of injuries sustained on or about January 15, 2022, when she slipped and fell when she "approached the curbside Delta check-in desk to check in for [her] flight." (*Id.* at ¶5). Plaintiff alleges that she "slipped and fell on the ground of the Delta curbside check in …." (*Id.* at ¶6). Specifically, Plaintiff claims that she "slipped and fell on ice rendering the condition

2

invisible to" her. (*Id.* at ¶7). Plaintiff further alleges that she "was invited to use the check in kiosk by Delta." (*Id.* at ¶9). Plaintiff states that Prospect "assisted in maintaining the premises" and that Delta and Prospect, "through their agents, servants, and employees, had notice that the ground was slippery." (*Id.* at ¶¶10-11).

According to Plaintiff, the fall caused a left distal fibula fracture, tibia/fibula separation, tendon rupture, closed reduction with application of a splint, open reduction and internal fixation of the left distal fibula with insertion of hardware, extensive scarring, keloid, and hyperpigmentation, non-weight bearing status, and physical therapy treatment. (*Id.* at ¶¶28.a-h, 42.a-h, 56.a-h, 70.a-h). In addition, Plaintiff alleges the need for inpatient and/or outpatient rehabilitation, the need for plastic surgery evaluation and intervention, the need for durable medical equipment, the need for emergency medical case, and the need for surgical intervention. (*Id.* at ¶¶28.i-m, 42.i-m, 56.i-m, 70.i-m). Finally, Plaintiff alleges the following damages: medical bills (past and future), excess economic loss, mental anguish, physical pain and suffering, denial of social pleasures and enjoyment, emotional distress, fright, and shock, humiliation and/or mortification, lost wages, future lost wages, and other pecuniary loss, among other damages. (*Id.* at ¶¶28.n-w, 42.n-w, 56.a-h, 70.n-w).

## II. DIVERSITY JURISDICTION

Section 1441(a) authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28

3

U.S.C. §1441(a). Original jurisdiction of this action exists pursuant to 28 U.S.C. §1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. *See* 28 U.S.C. §1332(a)(1).

### A.   More Likely Than Not, Plaintiff Is Seeking Damages In Excess Of The Jurisdictional Amount

The removing party has the burden of establishing the amount-in-controversy for diversity jurisdiction. *See Cleveland Hous. Renewal Project v. Deutsch Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010). Where a plaintiff's complaint claims an unspecified amount in damages, a defendant seeking removal under diversity jurisdiction must demonstrate that the amount-in-controversy exceeds the jurisdictional minimum required in the Wayne County Circuit Court, which is more than $25,000. (**Ex. C: Cmplt.** at ¶13 ("[T]he amount in controversy herein exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars exclusive of interest, costs and attorney fees and is otherwise within the jurisdictional limits of the Court."); *see also Speck v. Cunningham*, 2015 WL 7368483, *1 (Mich. Ct. App. Nov. 19, 2015) (**Ex. D**) (citing Mich. Comp. Laws §§600.608 and 600.8101(1) for the jurisdictional minimum of more than $25,000 in Michigan circuit courts). Therefore, Plaintiff has pled a sum greater than $25,001.

Second, Plaintiff alleges that, as a result of Delta's and Prospect's acts and/or omissions, she has suffered various injuries and damages, including but not limited

4

to left distal fibula fracture, tibia/fibula separation, and tendon rupture. (**Ex. C: Cmplt.** at ¶¶28.a-m, 42.a-m, 56.a-m, 70.a-m). Judgments or settlements in Michigan have regularly awarded well in excess of $75,000 for such claimed injuries. *See*, *e.g.*, *Kelley v. Wait*e, JVR No. 1111280022 (E.D. Mich. May 18, 2011) ($3,491,122 verdict for plaintiff (reduced to $1,956,800) who suffered fibula fracture requiring surgery among other injuries); *McGuigan v. Pine Lake Manor Apartments*, JVR No. 361295 (Mich. Cir. Ct. Apr. 1998) ($380,000 verdict for plaintiff who suffered tibia fracture, fibula fracture, and injury to knee ligament when she slipped and fell); *Bender v. Ridge*, JVR No. 354627 (Mich. Cir. Ct. Oct. 1997) ($588,000 verdict for plaintiff who suffered leg nerve damage, fibula fracture, and knee ligament tear when she slipped and fell on ice); *Wheeler v. Meduvsky*, JVR No. 476561 (Mich. Cir. Ct. Apr. 1999) ($112,500 settlement for plaintiff that suffered right tibia and fibula fractures among other injuries); *Mitchell v. Cranfield*, JVR No. 1107250021 (Mich Cir. Ct. Mar. 9, 2011) ($97,932 verdict for plaintiff who suffered a fibula fracture requiring surgery).

Importantly, Plaintiff also alleges other unlimited and unqualified economic and noneconomic damages, including "[m]edical bills – past and future", "[e]xcess economic loss," "[m]ental anguish," "[p]hysical pain and suffering," "[d]enial of social pleasures and enjoyment," "[e]motional distress, fright, and shock," "[h]umiliation and/or mortification," and "[l]ost wages, future lost wages, and other

pecuniary loss" (**Ex. C: Cmplt.** at ¶¶28.n-w, 42.n-w, 56.n-w, 70.n-w). This Court has previously found that numerous bodily injuries, "combined with an opened-ended request for an unspecified amount of damages," made it more likely than not that the amount in controversy exceeded $75,000. *Barber v. Zurich American Ins. Co.*, 2015 WL 93530, *2 (E.D. Mich. Jan. 7, 2015) (**Ex. E**); *see also Brewer v. Schindler Elevator Corp.*, 2017 WL 676942, *2 (E.D. Mich. Feb. 21, 2017) (**Ex. F**).

Aggregation of Plaintiff's alleged damages is appropriate here because of the different classes or types of available damages sought by Plaintiff. *Gurwin v. UBS Fin. Servs., Inc.*, 2007 WL 1218772, *4 (E.D. Mich. Apr. 24, 2007) (**Ex. G**). Plaintiff's alleged damages arise out of the same alleged conduct by Delta and Prospect. However, each of Plaintiff's classes of damages arises from a distinct legal remedy to which she would be entitled if she proves her case. *Id.* At the time of this removal, Plaintiff's alleged damages consist of economic damages for items such as medical bills and lost wages incurred as a result of Delta's and Prospect's alleged acts or omissions, as well as noneconomic damages related to Plaintiff's alleged "[m]ental anguish," "[p]hysical pain and suffering," "[d]enial of social pleasures and enjoyment," "[e]motional distress, fright, and shock," and "[h]umiliation and/or mortification." (**Ex. C: Cmplt.** at ¶¶28.p-t, 42.p-t, 56.p-t, 70.p-t). Each of these types of damages has a different purpose. As such, aggregating all of these damage categories is appropriate. *Gurwin*, 2007 WL 1218772 at *4.

The amount in controversy for Plaintiff's numerous alleged serious injuries, as well as economic damages, including medical bills and lost wage and economic losses, and noneconomic damages, including mental anguish, physical pain and suffering, denial of social pleasures and enjoyment, are most likely well in excess of $75,000. This is especially evident from the unlimited, unqualified, and open-ended nature of Plaintiff's claimed damages, many of which will purportedly continue into the indefinite future. Therefore, consistent with this Court's prior holdings, Delta has shown by a preponderance of the evidence an amount-in-controversy in excess of $75,000, which satisfies the federal diversity jurisdiction requirement under Section 1332(a)(1).

### B. Complete Diversity Of Citizenship Exists

There is complete diversity of citizenship between and among Plaintiff, on one hand, and Delta and Prospect, on the other hand, under 28 U.S.C. §1332(a)(1). Plaintiff is alleged to be a resident and citizen of Michigan. (**Ex. C: Cmplt.** at ¶1). Plaintiff's Complaint accurately alleges that Delta is incorporated in Delaware, and is headquartered in Atlanta, Georgia. (*Id.* at ¶2; *see also* **Ex. H: Georgia Corporations Division Business Information**). Thus, Delta is a citizen of Delaware and Georgia for diversity purposes. *See* 28 U.S.C. §1332(c)(1) (providing that corporations are citizens of their state of incorporation and in the state of their principal place of business). Accordingly, complete diversity exists between

7

Plaintiff and Delta. Additionally, Delta is not a corporate citizen of Michigan. See 28 U.S.C. §1441(b)(2) (providing that an action may not be removed based on diversity jurisdiction if any of the defendants is a citizen of the State in which such action is brought).

In addition, Plaintiff alleges that Prospect is an Illinois corporation headquartered in Del Plaines, Illinois. (**Ex. C: Cmplt.** at ¶3; *see also* **Ex. I: Illinois Corporation File Detail Report**). Thus, Prospect is a citizen of Illinois for diversity purposes, Prospect is not a corporate citizen of Michigan, and complete diversity exists between and among Plaintiff, on the one hand, and Delta and Illinois on the other hand.

### III. DELTA HAS SATISIFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

#### A. Timeliness Of Removal

Plaintiff filed her Complaint on August 22, 2022. (**Ex. C: Cmplt.**). Delta was served with Plaintiff's Complaint on September 6, 2022. As of September 7, 2022, Prospect has *not* yet been served. (**Ex. J: Wayne County Register of Actions**).[*] Accordingly, this Notice of Removal is therefore timely filed within thirty (30) days from the date of service of Plaintiff's Complaint and within one (1) year from the date this action was filed. *See* 28 U.S.C. §1446(b).

---

[*] As set forth above, because Prospect has not been "properly joined and served" (28 U.S.C. §1446(b)(2)(A)), Prospect's consent to removal is *not* required.

### B. Venue Is Proper

Venue of this removed action is proper pursuant to 28 U.S.C. §1441(a) because the United States District Court for the Eastern District of Michigan, Southern Division, is the district court embracing the Michigan county (Wayne) in which the removed action was pending. *See* 28 U.S.C. §102(a)(1); E.D. Mich. L.R. 83.10(a) (assignment to the Southern Division).

### C. Notice

Pursuant to 28 U.S.C. §1446(b), Delta will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which the action is currently pending, and will serve a copy of this notice on Plaintiff. Delta will also file a copy of all additional papers in the state court record, if any, with this Court. By filing this Notice of Removal, Delta does not waive, and hereby reserves, its right to assert any and all objections and defenses to Plaintiff's Complaint.

## IV. CONCLUSION

This Court has original subject matter jurisdiction over this action based on diversity (28 U.S.C. §1332), and Delta respectfully removes this action from the Wayne County (Michigan) Circuit Court to this Court pursuant to 28 U.S.C. §1441.

Dated: September 8, 2022

Respectfully submitted,

JAFFE RAITT HEUER & WEISS, P.C.

By: /s/Scott R. Torpey
Scott R. Torpey (P36179)
Derek D. McLeod (P66229)
*Attorneys for Defendant Delta Air Lines, Inc.*
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
(248) 351-3082 (Fax)
storpey@jaffelaw.com
dmcleod@jaffelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2022 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Katherine M. Abrignani
Katherine M. Abrignani